UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:

**MAERSK LINE,**

              **Plaintiff,**

vs.

**ROYAL CARGO LINE INC.**

              **Defendant.**

_____/

## COMPLAINT

Plaintiff, Maersk Line ("Maersk Line" or "Plaintiff"), by and through its undersigned counsel, and sues the Defendant, Royal Cargo Line Inc. ("Defendant"), and as grounds for this action alleges as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. This is an admiralty and maritime claim for damages. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984, 46 U.S.C. §40101, *et. seq.* (hereinafter "The Act").

2. Maersk Line is a corporation organized under the laws of Denmark. Plaintiff is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act and was such a common carrier for the benefit of Defendant.

3. Defendant was at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in the Southern District of Florida and is and was a legal entity capable of being sued. Defendant is subject to personal jurisdiction in this Court.

4. Venue is proper in this judicial district because it is where the claim arose and/or because Defendant resides or does business in the district.

5. Plaintiff has retained the undersigned counsel to represent its interests in this matter and is obligated to pay its counsel a reasonable attorneys' fee for their services herein.

## FIRST COUNT
### (For Money due Under Tariff)

6. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

7. Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act. Pursuant to The Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

8. Plaintiff transported cargo for the benefit of Defendant during 2010-2011 in the foreign commerce of the United States in the course and scope of Defendant's NVOCC operations. Such transportation and services provided are evidenced by Plaintiff's bills of

lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference.  Plaintiff has fully performed its tariff obligations.  A list of said bills of lading and/or freight bills is attached hereto as **Exhibit A** and incorporated herein.

      9.      Plaintiff has demanded that Defendant pay the full amount due of $74,797.00.

      10.      Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

      11.      Consequently, Defendant is liable to Plaintiff in the amount of $74,797.00, plus reasonable attorneys' fees and interest thereon.

## SECOND COUNT
### (For Breach of Written Contract(s))

      12.      Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

      13.      Said transportation was performed pursuant to a written contract(s) of carriage between Plaintiff and Defendant, as evidenced by bills of lading and/or freight bills listed in **Exhibit A**.

      14.      Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

      15.      Plaintiff has demanded that Defendant pay the amount due under said contracts and the Defendant has refused to pay thereon.  Consequently, Defendant is liable to Plaintiff in the amount of $74,797.00, plus reasonable attorneys' fees and interest thereon.

## THIRD COUNT
### (For Work and Labor Performed)

16. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

17. Within the last four (4) years, Defendant became indebted to Plaintiff for work and labor performed by Plaintiff for the benefit of Defendant, as evidenced by the bills of lading and/or freight bills listed in **Exhibit A**, for which Defendant agreed to pay Plaintiff.

18. The work and labor performed were performed for or on behalf of the Defendant.  At all times the Defendant had knowledge of and accepted the benefit of the work and labor performed by the Plaintiff on the Defendant's behalf.

19. The circumstances are such that it would be inequitable to allow the Defendant to retain the benefit of the work and labor performed by the Plaintiff on the Defendant's behalf without paying the value of such work and labor performed by the Plaintiff.

20. The value of the work and labor performed is $74,797.00.

21. Despite due demand, the sum of $74,797.00 is now due, owing and unpaid for said work and labor performed.

## FOURTH COUNT
### (For Account Stated)

22. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 5 above as if realleged and restated herein in their entirety.

23. Within the last four (4) years, an account was stated in writing as listed in **Exhibit A** by and between Plaintiff and Defendant wherein it was agreed that Defendant was indebted to Plaintiff.

24. A copy of the account statement was furnished by Plaintiff to Defendant and Defendant did not object.

25. Despite due demand, the sum of $74,797.00 is now due, owing and unpaid on said account stated.

WHEREFORE, plaintiff prays for judgment against Defendant, as follows:

1. For judgment in the amount of $74,797.00;

2. For the costs of collection, according to proof;

3. For costs of suit incurred herein, according to proof;

4. For pre-judgment and post-judgment interest;

5. For reasonable attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 17, 2012                    Respectfully submitted,

PAYTON & ASSOCIATES, LLC
*Attorneys for plaintiff Maersk Line*

One Biscayne Tower
2 South Biscayne Blvd., Suite 1600
Miami, FL  33131
305.372.3500 ext.13
305.577.4895 (fax)
Payton@payton-law.com
hubarquist@payton-law.com

By:  /s Lisa Hu Barquist
FL Bar No.:  0011488